O

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

VERA LEE MUNOZ,                           ) NO. EDCV 14-294-MAN
                                          )
              Plaintiff,                   )
                                          ) MEMORANDUM OPINION AND ORDER
     v.                                    )
                                          )
CAROLYN W. COLVIN,                         )
Acting Commissioner of Social             )
Security,                                  )
                                          )
              Defendant.                   )
_____  )

Plaintiff filed a Complaint on February 25, 2014, seeking review of the denial of her application for a period of disability, disability insurance benefits, and supplemental security income and an order reversing the Commissioner's decision or, alternatively, remanding this matter for a new hearing or new proceedings. On February 26, 2014, this Court issued its Case Management Order, setting forth, *inter alia*, a schedule for the preparation and filing of pleadings, including a Joint Stipulation. On April 4, 2014, the parties consented, pursuant to 28 U.S.C. § 636(c), to proceed before the undersigned United States Magistrate Judge. The Commissioner filed her Answer on September 8, 2014, in which she requested that her decision be affirmed.

On September 24, 2014, plaintiff's then-counsel, Monica Perales, filed a Notice of Motion and Motion To Withdraw as Attorney of Record (the "Motion"), citing a "complete breakdown of the attorney-client relationship."  On September 29, 2014, the Court issued an Order To Show Cause why the Motion should not be granted.  The Court cautioned plaintiff that her failure to timely respond would be deemed to constitute consent to the granting of the Motion and, further, could result in the dismissal of the action.  Plaintiff did not respond or otherwise communicate with the Court.  Accordingly, on December 12, 2014, the Court granted the Motion.

Because plaintiff failed to comply with the Court's Case Management Order and with its September 29, 2014 Order To Show Cause, on December 12, 2014, the Court issued a second Order To Show Cause (the "Order"), directing plaintiff to explain, on or before January 5, 2015, why no Joint Stipulation had been filed and why the case should not be dismissed for lack of diligent prosecution and failure to comply with the Court's prior orders.  Plaintiff was informed that she could satisfy her obligations under the Order by filing a motion for summary judgment on or before January 5, 2015.  Plaintiff was expressly cautioned that if she failed to comply with the Order, the Court would dismiss the action for failure to prosecute pursuant to FED. R. CIV. P. 41(b) and Local Rule 41-1."  (Docket No. 21.)

Plaintiff did not comply with the Order, nor did she request additional time to do so.  The January 5, 2015 deadline has now passed, and plaintiff has neither filed a motion for summary judgment or otherwise communicated with the Court in response to the Order.  Without plaintiff's participation, this action cannot proceed.

**DISCUSSION**

Rule 41(b) of the Federal Rules of Civil Procedure grants federal district courts the authority to *sua sponte* dismiss actions for failure to prosecute.  Link v. Wabash R. Co., 370 U.S. 626, 629-30, 82 S. Ct. 1386, 1388 (1962).  In determining whether dismissal for lack of prosecution is

1    proper, a court must weigh several factors, including: (1) the public's interest in expeditious
2    resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to
3    defendants; (4) the availability of less drastic sanctions; and (5) the public policy favoring the
4    disposition of cases on their merits. Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002);
5    Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992).

6

7         With respect to the first and second factors, plaintiff's delay necessarily implicates both the
8    public interest in the expeditious resolution of litigation and the Court's need to efficiently manage
9    its docket. See Pagtalunan, 291 F.3d at 642; see also Yourish v. California Amplifier, 191 F.3d
10    983, 990-91 (9th Cir. 1999). Plaintiff's failures to comply with the September 29, 2014 and
11    December 12, 2014 Orders have caused this action to come to a halt, thereby impermissibly
12    allowing plaintiff, rather than the Court, to control the pace of the proceedings in this case. Id.
13    In addition, plaintiff's conduct indicates that she does not intend to litigate this matter diligently.
14    Significantly, the Court, in contrast to plaintiff, has spent valuable time unsuccessfully attempting
15    to move this case along -- time which it could have devoted to other cases on its docket. See
16    Clayton v. Astrue, No. 10-0018 BEN (NLS), 2011 U.S. Dist. LEXIS 150710, at *3 (S.D. Cal.
17    November 18, 2011) (citing the court's expenditure of time as a factor weighing in favor of
18    dismissal under 41(b)). Allowing plaintiff to continue to halt the progress of this case would
19    frustrate not only the public's interest in the expeditious resolution of litigation but also the Court's
20    need to manage its own docket. See Ferdik, 963 F.2d at 1262 (noting that "[i]t is incumbent upon
21    us to preserve the district courts' power to manage their dockets without being subject to the
22    endless vexatious noncompliance of litigants"). Accordingly, the first two factors strongly weigh
23    in favor of dismissal.

24

25         The third factor -- the risk of prejudice to defendants -- also weighs in favor of dismissal.
26    When, as in this case, a plaintiff unreasonably delays prosecution of an action, a rebuttable
27    presumption of prejudice to defendant arises. See In re Eisen, 31 F.3d 1447, 1452-53 (9th Cir.
28    1994). Although that presumption may be rebutted when a plaintiff proffers a reasonable excuse

1    for the delay, plaintiff has failed to provide any explanation, let alone a reasonable excuse, for her

2    failure to comply with the December 12, 2014 Order.  Thus, the third factor does not support

3    allowing this stalled case to continue.

4

5        In addition, the fourth factor -- the availability of less drastic sanctions -- strongly favors

6    dismissal.  The Ninth Circuit has set forth the following three-part analysis to determine whether

7    a district court properly exercised its discretion in determining that no less harsh sanction than

8    dismissal is appropriate:  (1) whether the court discussed the feasibility of less drastic sanctions

9    and why those sanctions would not be appropriate; (2) whether the court previously implemented

10   alternate sanctions; and (3) whether the court warned the party of the possibility of dismissal.

11   Adriana Int'l Corp. v. Thoeron, 913 F.2d 1406, 1412 (9th Cir. 1990).  The Court has attempted to

12   avoid dismissal by repeatedly and specifically warning plaintiff that failure to comply with its Case

13   Management Order and with its September 29, 2014 and December 12, 2014 Orders To Show

14   Cause could result in dismissal, without prejudice, for failure to prosecute.  Despite the Court's

15   attempts to explore meaningful alternatives to dismissal, however, plaintiff has failed to respond

16   to the Court's Orders, and thus, lesser sanctions do not appear to be appropriate.  *See* Henderson

17   v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (noting that the "district court need not exhaust

18   every sanction short of dismissal before finally dismissing a case, but must explore possible and

19   meaningful alternatives").  Nevertheless, the Court has determined that the instant action should

20   be dismissed *without* prejudice -- a sanction less drastic than dismissal with prejudice.

21

22       The fifth factor, the general policy favoring resolution of cases on the merits, weighs

23   against dismissal.  However, plaintiff has a responsibility to move a case towards disposition at

24   a reasonable pace and to avoid dilatory and evasive tactics.  *See* Morris v. Morgan Stanley Co.,

25   942 F.2d 648, 652 (9th Cir. 1991).  Plaintiff has not met this responsibility, despite having been

26   given ample time to do so.  Under these circumstances, the public policy favoring resolution of

27   cases on the merits does not outweigh plaintiff's failure to comply with this Court's orders and to

28   prosecute this action diligently.

4

A balancing of these factors leads to the conclusion that dismissal without prejudice, pursuant to Rule 41(b) and Local Rule 41-1, is warranted.  *See* Ferdik, 963 F.2d at 1263 (dismissal is appropriate where strongly supported by three factors).

## CONCLUSION

Accordingly, for the reasons stated above, IT IS ORDERED that the above-captioned case is dismissed without prejudice for lack of prosecution.

IT IS FURTHER ORDERED that the Clerk of the Court shall serve copies of this Memorandum Opinion and Order and the Judgment on plaintiff and counsel for defendant.

**LET JUDGMENT BE ENTERED ACCORDINGLY**.

DATED: January 9, 2015

_____
MARGARET A. NAGLE
UNITED STATES MAGISTRATE JUDGE